1

2

3

IN THE FEDERAL DISTRICT COURT FOR DISTRICT OF ALASKA

4    DISCOVERY LLC

5        Plaintiff,

6    v.

7    KEYBANK NATIONAL ASSOCIATION,

8        Defendant.

Case No. 3:26-cv-00094

9    <u>COMPLAINT FOR BREACH OF CONTRACT AND DECLARATORY JUDGMENT</u>

10        1.INTRODUCTION; STATEMENT OF JURISDICTION; AND PARTIES

11        COMES NOW the Plaintiff, Discovery LLC (hereinafter "Discovery"), by and through

12    its counsel of record, The Law Office of Herbert A. Viergutz, P.C., and states that this Court

13    has jurisdiction of this matter based upon diversity of jurisdiction, as well as an action

14    involving a federal question pursuant to 46 USC 31342, but more particularly, federal

15    jurisdiction over maritime claims stems from the U.S. Constitution's Article III, granting federal

16    courts authority over "all Cases of admiralty and maritime jurisdiction". The Judiciary Act of

17    1789, now codified in 28 U.S.C. Sec. 1333, grants federal district courts exclusive original

18    jurisdiction over such civil cases.

19    1.        Discovery is a marine vessel owned and operated by Discovery, an Alaska Limited

20    Liability Company, \which is operated in navigable ocean waters within the State of Alaska,

21    which is duly incorporated and registered in the State of Alaska, has also complied with the

22    laws of the State of Alaska that are prerequisite to bringing of this action.

23    2.        Upon knowledge and belief Defendant, KeyBank National Association, f/k/a Key Bank

24    of Alaska (hereinafter "KeyBank"), is a regional bank based in Cleveland, Ohio, registered to

25    do business in the State of Alaska.

26

27

28

## II.

### FACTS RELEVANT TO ACTION

3.     Dean Rand, pursuant to Court Order, has been the sole owner of the vessel Discovery since May 17, 2000 (Exhibit 1).

4.     In response to a request for the Alaskan Marine Documentation to forward evidence of record ownership, it provided the Assumption of Preferred Marine Mortgage Discovery executed by KeyBank in favor of Dean Rand, sole owner of Discovery (Exhibit 2, at page 5), and The Preferred Marine Mortgage which was originally entered into May 15, 1992 (Exhibit 2, page 1).

5.     Dean Rand has attested, through Prior and Subsequent Liens Affidavit (Exhibit 3), that the Preferred Mortgage in favor of KeyBank is the only mortgage, obligation, or other liability relating to Discovery.

6.     Alaskan Marine Documentation finally provided the requested General Index or Abstract of Title evidencing that Discovery is subject to a Preferred Marine Mortgage by KeyBank as of July 25, 2001 (Exhibit 4, page 2).

7.     However, The Preferred Marine Mortgage held by KeyBank was satisfied in 2009 (Exhibit 10). Numerous attempts were made by Discovery to have KeyBank participate in rectifying this error caused by KeyBank's failure to properly notify Alaska Marine Documentation of the satisfaction of Discovery's Preferred Marine Mortgage (Exhibit 10), for which an award of full actual attorney fees is sought herein by Discovery as a result of KeyBank's non-responsiveness.

### III.

**CLAIMS FOR RELIEF**

**1.  Breach of Contract**:

8.      Discovery realleges the allegations contained in paragraphs 1 thorough 7 above, as though set forth verbatim herein.

9.      KeyBank has materially breached its agreement with Discovery by failing to take action required as a result of the satisfaction of its mortgage by removing its name as mortgagor on the General Index or Abstract of Tite (Exhibit 4, page 2).

10.     KeyBank's material breach of its agreement with Discovery has resulted in damage to Discovery and Rand an amount in excess of $500,000.00, the exact amount to be determined at Trial.

**2. Declaratory Judgment**

11.     Discovery realleges the allegations contained within paragraphs 1 through 10 above, as though set forth verbatim herein.

12.     Discovery has suffered, and continues to suffer, loss as a result of the invalid Title documentation adversely affecting Plaintiff's ability to transfer Title, as well as impacting proof of ownership, and potential Transfer by Will, or otherwise.

13.     Discovery requests that the Court issue its declaration that the KeyBank Preferred Marine Mortgage is satisfied, and that KeyBank's name be removed from the General Index or Abstract of Title (Exhibit 4, page 2 hereto).

**IV.**

**PRAYER FOR RELIEF**

1.      For Judgment against KeyBank in an amount in excess of $500,000.00, the exact

1 amount to be determined at Trial.

2 2.  For a declaration consistent with the content of paragraph 13 above.

3 3.  For costs and full actual attorney fees incurred in pursuing this matter as a result of
4      the dilatory tactics; procrastination; evasiveness and delay failing to respond to
5      Exhibits 1-4 attached to correspondence dated December 31, 2024 (Exhibit 5) and
6      February 18, 2025 (Exhibit 6), with attachments; failing to respond to numerous
7      telephone calls; failing to meet with the undersigned despite his personally visiting the
8      offices of KeyBank during the week of June 23, 2025; and by failing to respond to
9      correspondence dated September 30, 2025 (Exhibit 7), with attached Exhibits 8-10
10     respectively i.e. The Loan Modification and Extension Agreement to May 1, 2011;
11     Assumption of Preferred Marine Mortgage extended to May 1, 2011; and Loan Payoff
12     documentation dated 06/22/09. Defendant burdening the Court with this unnecessary
13     filing, also causing Plaintiff undue unnecessary expense, should be met by an award
14     of full actual attorney fees, which is herein requested by Plaintiff.

15 4.  For such other and further relief as is allowed by law and that this Court may deem
16 just and appropriate under the circumstances.

17

18

19

20                 Dated this _17th_ day of February, 2026

21

22                 Herbert A. Viergutz, Alaska Bar No. 8506088

23

24

25

26

27

28